# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**STEPHEN ROBINSON,**
a/k/a "Lini,"

      Petitioner,

**v.**                                     **CIVIL ACTION NO. 3:11-CV-104**
                                           **CRIMINAL ACTION NO. 3:08-CR-42-1**
                                           **(BAILEY)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Civ. Doc. 9; Crim. Doc. 219]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on July 10, 2012. In that filing, the magistrate judge recommends that this Court deny and dismiss with prejudice petitioner Stephen Robinson's § 2255 motion.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by August 6, 2012. Robinson timely objected to the R&R on August 3, 2012 [Crim. Doc. 232]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

### A. Indictment and Pretrial Proceedings

On May 20, 2008, the Grand Jury sitting in the Martinsburg Division of this Court charged that Robinson had conspired with co-defendant Anthony Lamont Jackson, a/k/a "T," since April 2, 2008, to possess with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (2006) [Crim. Doc. 1].

On November 25, 2008, Robinson appeared in person and by court-appointed counsel William M. Gruel for an initial appearance and arraignment before United States Magistrate Judge David J. Joel. During these proceedings, defendant refused to be represented by counsel or answer any questions. (See [Crim. Doc. 36] at 1). Subsequently, Robinson "became aggressive and had to be physically restrained by the U.S. Marshal Service." (Id.). The same day, Robinson's counsel noted his intent to rely upon the defense of insanity and moved this Court pursuant to 18 U.S.C. §§ 4241, 4242,

and 4247 to order a custodial psychological evaluation to determine whether Robinson was able to understand the nature and consequences of the proceedings against him or to assist properly in his defense and whether Robinson was insane at the time of the offense [Crim. Doc. 35].

On December 5, 2008, this Court ordered Robinson to undergo a custodial psychological evaluation to determine whether he was able to understand the nature and consequences of the proceedings against him or to assist properly in his defense pursuant to 18 U.S.C. §§ 4241 and 4247 [Crim. Doc. 38]. Given this *sua sponte* Order, this Court denied Robinson's motion as moot [Crim. Doc. 39].

On April 7, 2009, Robinson was admitted to the Federal Correctional Institution ("FCI") Butner where he was evaluated until May 6, 2009 [Crim. Doc. 60]. On May 26, 2009, this Court received a pyschogical report dated May 7, 2009, from FCI Butner concluding that Robinson suffered from no mental disease or defect and was competent to stand trial [Crim. Doc. 62]. Following receipt of this report, no competency hearing was held. Instead, on June 4, 2009, Robinson was arraigned and his case was set for trial on July 21, 2009 [Crim. Doc. 69].

On June 9, 2009, Robinson moved this Court *pro se* to dismiss his case for lack of jurisdiction [Crim. Doc. 73]. In that motion, Robinson stated that he never consented to court-appointed counsel. On June 15, 2009, this Court denied Robinson's motion as frivolous and informed him that he could represent himself if he made an assertion of the right to self-representation that was clear and unequivocal; knowing, intelligent, and voluntary; and timely [Crim. Doc. 75].

On July 17, 2009, this Court held a pretrial conference and moved the trial to July 20, 2009, at 1:30 p.m. [Crim. Doc. 98]. On the morning of July 20, 2009, Robinson, by counsel, moved *in limine* to preclude evidence regarding his conviction in the Western District of Virginia for distribution of narcotics [Crim. Doc. 100]. This Court orally granted Robinson's motion the same day [Crim. Doc. 101].

### B.  Trial through Sentencing

On July 21, 2009, the Government called its confidential informant ("CI"). The CI testified that she first met Robinson in 2002 when a mutual friend brought him to her house to sell her crack cocaine. ([Crim. Doc. 118] at 11). The CI explained that she continued to buy crack cocaine from Robinson on a weekly basis for about a year thereafter. (Id. at 12-14). The CI next testified that after she was subsequently arrested by federal authorities, she began to offer cooperation in the form of controlled purchases. (Id. at 17). During her cooperation efforts, the CI explained, she renewed her buyer-seller relationship with Robinson. (Id. at 17-18). Specifically, the CI testified that Robinson began to call her and send her letters in 2007 after she sent him a Christmas card with the permission of investigators. (Id. at 18-19). In those calls and letters, according to the CI, the two discussed "increasing [her] positive cash flow" which both understood to mean having an associate of Robinson deliver the CI crack cocaine. (Id. at 21). When she was unable to visit Robinson in prison, the CI testified that Robinson identified his associate as co-defendant Jackson and gave her his phone number. (Id. at 30).

The Government then proceeded to publish recorded phone calls and body wire recordings of meetings between the CI and Jackson. The first recordings chronicled phone

4

calls made by the CI to Jackson beginning in April 2008 in which they discussed the business of drug dealing (Id. at 33-38). The next recording was a phone call between Robinson and the CI in which Robinson sought to confirm that the CI had made contact with Jackson. (Id. at 38-39). The subsequent body wire recordings detailed three face-to-face meetings the CI had with Jackson to buy cocaine. The CI testified that at the first meeting, which occurred on April 7, 2008, she bought 43 twenty-dollar bags of cocaine from Jackson. (Id. at 41-42). The CI was shown and identified the cocaine she purchased from Jackson on April 7, 2008. (Id. at 41). The CI next testified that at the second meeting, which occurred on April 8, 2008, she bought about 14 grams of cocaine from Jackson. (Id. at 44-45). The CI was shown and identified the cocaine she purchased from Jackson on April 8, 2008. (Id. at 45). According to the CI, both of these purchases were arranged by Robinson in that "he [was] the one that gave [her] the number and he told [Jackson] to come and see [her] in West Virginia." (Id. at 48). The CI also testified that she reported the drug purchases to Robinson. (Id.). Finally, the CI testified that at the third meeting, which occurred on April 10, 2008, she bought an ounce of cocaine from Jackson. (Id. at 50). The CI was shown and identified the cocaine she purchased from Jackson on April 10, 2008. (Id.).

    On cross-examination, defense counsel began by asking the CI to chronicle her drug and alcohol abuse, which she testified began when she was twelve. (Id. at 52-57). Next, defense counsel questioned the CI about her guilty plea in federal court to distributing cocaine and obstruction of justice. (Id. at 57). Defense counsel then addressed the CI's cooperation with law enforcement and how it led at least in part to a sentence of five years

probation when she was facing 11 to 17 years in prison. (Id. at 60-66). Finally, defense question elicited testimony from the CI that Robinson had asked her during one of their phone conversations to cooperate for him and that the Government did not have a recording of Robinson giving her the phone number of Jackson. (Id. at 70-72).

The Government next called co-defendant Jackson who had previously pled guilty and agreed to testify on its behalf. Jackson testified that Robinson told him to expect a phone call from the CI about a job. ([Crim. Doc. 118] at 100-102). Jackson further testified about the meetings he had with the CI to sell her cocaine. (Id.). Finally, Jackson testified that while in jail he received letters threatening him to "sit down and shut up," which prompted him to write a letter to Robinson's counsel claiming that Robinson was innocent. (Id. at 102-110). The Government produced the threatening letters, and this Court admitted them in evidence, over the objection of Robinson's counsel. (Id.).

On July 21, 2009, the jury found Robinson guilty of conspiring to possess with intent to distribute less than five grams of cocaine base. [Crim. Doc. 114]. On August 13, 2009, defense counsel moved for a new trial, arguing that the evidence at trial was insufficient for a finding of guilt [Crim. Doc. 122]. For example, defense counsel argued that Jackson had denied that he had given Robinson the telephone number Christian used to contact him or that a conspiracy existed. (Id. at 3). On September 11, 2009, this Court denied Robinson's motion, outlining the following evidence as sufficient for the jury to convict Robinson of conspiracy:

1. The [CI] testified that in order to make money [Robinson] put her in touch with his confederate, co-defendant [Jackson] as a source . . . in

> order to obtain cocaine base from Jackson.
>
> 2. Jackson testified that [Robinson] phoned him and advised him that he would be receiving a telephone call from a woman interested in a job for Jackson. Jackson further knew that this meant drugs. Finally, Jackson testified that both he and Robinson owed money to creditors as a result of a former failed business venture.
>
> 3. When the [CI] and Jackson communicated, drug dealing resulted. Correspondence between [Robinson] and the [CI] evidencing this arrangement was introduced at trial. Finally, co-defendant Jackson identified threatening correspondence intended to scare him off from testifying for the government.
>
> 4. The drug deals were controlled: audio and video recordings of the deals were played for the jury. Recorded conversations between Robinson and the [CI] were played for the jury as were recorded conversations between the [CI] and co-defendant Jackson.

([Crim. Doc. 128] at 3-4). On September 30, 2009, this Court sentenced Robinson to 262 months in prison to be followed by six years of supervised release [Crim. Doc. 138].

### C. Direct Appeal

Robinson, by newly appointed appellate counsel, filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the Fourth Circuit. Appellate counsel raised two claims, namely that: (1) this Court violated Robinson's procedural due process rights by failing to hold a competency hearing prior to trial and (2) this Court improperly admitted evidence of statements threatening co-defendant Jackson. On November 5, 2010, the Fourth Circuit rejected both claims and affirmed. *See **United***

*States v. Robinson*, 400 Fed.Appx. 738 (4th Cir. 2010). In rejecting the first claim, the Fourth Circuit found no bona fide doubt as to Robinson's competency to stand trial in light of the report from FCI Butner. *Id.* at 739. In rejecting the second claim, the Fourth Circuit found the threatening letters relevant as impeachment evidence to complete the story behind a letter Jackson sent to defense counsel prior to trial substantially exonerating Robinson after previously agreeing to testify against Robinson. *Id.* at 740. Regarding this second claim, the Fourth Circuit "also reject[ed] Robinson's argument, made for the first time on appeal, that the letters should have been deemed inadmissible under Federal Rule of Evidence 403 because their probative value was outweighed by the potential for prejudice." *Id.* at 741 n. 1. Robinson subsequently petitioned the Supreme Court of the United States for a writ of certiorari, which was denied on April 18, 2011. *See* ***Robinson v. United States***, 131 S.Ct. 2134 (2011).

D. **Instant Habeas Proceeding**

On November 28, 2011, Robinson, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1; Crim. Doc. 167]. Robinson claims that his trial counsel rendered ineffective assistance by not: (1) requesting a competency hearing; (2) investigating the threatening letters that Jackson received; (3) arguing that there was insufficient evidence to convict him of conspiracy; (4) presenting a buyer-seller defense; (5) moving to dismiss the Indictment against him; (6) objecting to the Government presenting allegedly perjured testimony of the CI; and by not (7) obtaining evidence that Robinson asserts actually exists, is helpful to his case, and was withheld by the Government. On April 23, 2012, Magistrate Judge Joel

granted Robinson leave to add an eighth claim, namely that the Government intentionally violated his rights under the Speedy Trial Act and the Sixth Amendment [Crim. Doc. 198].

On July 10, 2012, Magistrate Judge Joel filed the instant R&R [Civ. Doc. 9; Crim. Doc. 219]. In that filing, the magistrate judge recommends that this Court reject Robinson's claims and deny and dismiss with prejudice his § 2255 petition. On August 3, 2012, Robinson filed timely Objections [Crim. Doc. 232].

## III. Discussion

### A. Ineffective Assistance of Counsel

In according a *de novo* review of Robinson's seven claims of ineffective assistance of counsel, this Court will be required to determine whether he has demonstrated that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964). This Court will now consider each claim in turn.

#### 1. Competency Hearing

Robinson claims that his trial counsel was ineffective for failing to move the Court for a competency hearing. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

First, the record reflects that trial counsel did, in fact, move this Court for a competency hearing. See Crim. Doc. 35. It was this Court that elected not to hold a competency hearing after receipt of the report from FCI Butner. Second, on direct appeal,

the Fourth Circuit upheld this Court's decision not to hold a competency hearing. As such, this Court concludes that Robinson has failed to demonstrate that his trial counsel's conduct fell below an objective standard of reasonableness in this regard. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

### 2. Threatening Jackson Letters

Robinson claims that his trial counsel was ineffective for failing to investigate, and ultimately move to suppress, the letters threatening Jackson. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

Regarding the failure to investigate component of this claim, Robinson contends that with an adequate investigation his trial counsel could have discovered witnesses who would have testified that Jackson received the threatening letters because he "owed money for studio time." ([Civ. Doc. 1; Crim. Doc. 167] at 21-22). This conclusory allegation, without more, is far too speculative to support a claim for ineffective assistance of counsel, specifically because Robinson fails to identify particular witnesses and how they could have been discovered. See **United States v. Terry**, 366 F.3d 312, 316 ("[C]onclusory allegations are insufficient to establish the requisite prejudice under **Strickland**). Thus, this Court concludes that Robinson has failed to satisfy the prejudice prong of **Strickland**. Accordingly, his Objections as they relate to the failure to investigate component of this claim should be **OVERRULED** and this claim should be **DISMISSED**.

Similarly, Robinson contends that his trial counsel should have moved to suppress the letters threatening Jackson. However, Robinson has provided no basis for suppression. For one, the letters were recovered from Jackson to whom they were sent while he was in jail. Clearly, Robinson has no interest in Jackson's privacy sufficient to support a motion to suppress. For two, the Fourth Circuit has already found on direct appeal that the letters were relevant as impeachment evidence and more probative than prejudicial. See **Robinson**, 400 Fed.Appx. at 470-471. As such, this Court concludes that Robinson has failed to establish either prong of **Strickland**. Accordingly, his Objections as they relate to the suppression component of this claim should be **OVERRULED** and this claim should be **DISMISSED**.

### 3. Sufficiency of the Evidence

Robinson claims that his trial counsel was ineffective for failing to challenge the "sufficiency of the evidence to convict him on the conspiracy count" because he merely aided a buyer in finding a seller of drugs. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

As an initial matter, this Court notes that trial counsel did, in fact, move this Court for a new trial arguing that the evidence presented at trial was insufficient to convict Robinson of conspiracy. See Crim. Doc. 122. This Court denied that motion citing very specific items of evidence that were sufficient to convict. See Crim. Doc. 128. In addition, Robinson's substantive argument is without merit. The Fourth Circuit has long held that a conspirator need not take "part in the full range of [the conspiracy's] activities" to be

11

convicted; instead, "the gravamen of the crime of conspiracy is an agreement to effectuate a criminal act." **United States v. Burgos**, 94 F.3d 849, 857-858 (4th Cir. 1996) (en banc). Thus, as will be explained in more detail below, an individual who connects a buyer with a seller can be convicted as a conspirator. For these reasons, this Court concludes that Robinson has failed to establish either prong of **Strickland**. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

### 4. Buyer-Seller Defense

Robinson claims that his trial counsel was ineffective for failing to present a buyer-seller defense during trial and ask for a concomitant jury instruction. In support of this claim, Robinson alleges that the evidence at trial established, at most, that he was a "facilitator in a drug purchase." ([Civ. Doc. 1; Crim. Doc. 167] at 49). Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

"To prove conspiracy to possess cocaine with intent to distribute, the Government must establish: (1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." **United States v. Wilson**, 135 F.3d 291, 306 (4th Cir. 1998) (quoting **Burgos**, 94 F.3d at 857). *Accord* **United States v. Hackley**, 662 F.3d 671, 678-679 (4th Cir. 2011); **United States v. Hickman**, 626 F.3d 756, 763 (4th Cir. 2010). In **Hackley**, the Fourth Circuit explained that "in drug conspiracy cases, evidence of a buyer-seller relationship, standing alone, is insufficient to support a conspiracy conviction" but that "evidence of a continuing buy-sell

12

relationship when coupled with evidence of large quantities of drugs, or continuing relationships and repeated transactions, creates a reasonable inference of an agreement." *Hackley*, 662 F.3d at 679 (internal citations and quotations omitted).

In the instant case, the evidence presented at trial did not *alone* establish a buyer-seller relationship between the CI and Jackson. Instead, the evidence also established that Robinson knowingly and voluntarily became a part of this conspiracy. For example, the CI testified that Robinson agreed to provide her with a dealer, Jackson. Jackson, in turn, testified that Robinson had told him to expect a call from the CI about a job. As a matter of law, therefore, Robinson was not entitled to a buyer-seller defense. Thus, this Court concludes that Robinson has failed to establish either prong of **Strickland**. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

### 5. Motion to Dismiss Indictment

Robinson claims that his trial counsel was ineffective for failing to move to dismiss the Indictment as it pertained to him. In support of this claim, Robinson argues that the Indictment is defective because it only names him in the conspiracy count. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

Proof of an overt act in furtherance of the conspiracy is not required to sustain a drug conspiracy conviction. See **United States v. Shabani**, 513 U.S. 10, 17 (1994); **United States v. Angle**, 230 F.3d 113, 119 (4th Cir. 2000); **United States v. Burns**, 990 F.2d 1426, 1435 (4th Cir. 1993); **United States v. Mabry**, 953 F.2d 127, 130 (4th Cir.

13

1991); ***United States v. Clark***, 928 F.2d 639, 641 (4th Cir. 1991).  As such, a motion by defense counsel to dismiss the Indictment as defective for failing to charge Robinson with distribution (an overt act in furtherance the conspiracy) would have been summarily denied.  Thus, this Court concludes that Robinson has failed to establish either prong of ***Strickland***.  Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

      6.      **Trial Testimony of CI**

Robinson claims that his trial counsel was ineffective for failing to challenge the Government's allegedly knowing elicitation of supposed perjured testimony from the CI regarding her telephone calls with him and her controlled buys from Jackson.  Magistrate Judge Joel recommends that this Court reject this claim.  Robinson objects.  Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

To succeed on this type of claim, Robinson must demonstrate that the testimony was perjured and that the Government knowingly used the perjured testimony to secure the conviction.  See ***Boyd v. French***, 147 F.3d 319, 329-330 (4th Cir. 1998) (citing ***Napue v. Illinois***, 360 U.S. 264, 269 (1959)).  Robinson has failed to make either showing.  Specifically, Robinson has provided no evidence demonstrating either that the CI offered perjured testimony or, assuming he had, that the Government was aware of the perjury.  Furthermore, this Court notes that Robinson's trial counsel extensively cross-examined the CI regarding her history of drug abuse, her plea agreement, her cooperation with law enforcement, and her relationship with Robinson.  For these reasons, this Court concludes that Robinson has failed to establish either prong of ***Strickland***.  Accordingly, his

Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

### 7. Evidence Allegedly Withheld by the Government

Robinson claims that his trial counsel was ineffective for failing to obtain documents regarding the threatening letters received by Jackson, Bureau of Prisons telephone bills, and other recorded phone conversations, all of which Robinson alleges were withheld by the Government and prove his innocence. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

In ***Brady v. Maryland***, 373 U.S. 83, 87 (1963), the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." To prove a ***Brady*** violation, a defendant must show that non-disclosed evidence was: (1) favorable to the defendant, (2) material, and (3) that the prosecution had the materials and failed to disclose them. *See **Moore v. Illinois***, 408 U.S. 786, 794-795 (1972). *Accord **United States v. King***, 628 F.3d 693, 701-702 (4th Cir. 2011). Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." ***United States v. Bagley***, 473 U.S. 667, 682 (1985) (internal quotation omitted). *Accord **United States v. Robinson***, 627 F.3d 941, 951-952 (4th Cir. 2010).

Here, Robinson has not even attempted to make a particularized allegation as to the substance of this allegedly withheld evidence and whether there is a reasonable probability that the evidence would have led to an acquittal. As such, this Court is unable to properly analyze whether the allegedly withheld evidence undermines the confidence in the jury's guilty verdict. Thus, this Court concludes that Robinson has failed to establish either prong of ***Strickland***. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

B.   **Speedy Trial**

Finally, Robinson claims that the Government violated his right to a speedy trial under the Speedy Trial Act and the Sixth Amendment. Magistrate Judge Joel recommends that this Court reject this claim. Robinson objects. Upon a *de novo* review, this Court agrees with the magistrate judge's recommendation.

Regarding the Speedy Trial Act, Robinson contends that he was not tried within seventy days after the Indictment was returned. This contention, however, is without any basis in law or fact. Pursuant to the Speedy Trial Act, a defendant charged with a felony must be brought to trial within seventy days of the date he is indicted or the date of his initial appearance, whichever occurs later. See 18 U.S.C. § 3161(c)(1). Excluded from these seventy days, as pertinent here, is any period of delay "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." 18 U.S.C. § 3161(h)(1)(A).

Here, Robinson's initial appearance was held on November 25, 2008, at which time Robinson exhibited behavior calling into question his mental competency to stand trial and

16

preventing Magistrate Judge Joel from properly completing Robinson's initial appearance. On December 5, 2008, this Court ordered that Robinson undergo a psychological evaluation to determine his competency to stand trial. This Court received the report from FCI Butner on May 26, 2009, concluding that Robinson was competent to stand trial. Thereafter, on June 4, 2009, Robinson was properly arraigned for the first time. Robinson proceeded to trial on July 20, 2009. Excluding the delay caused by his competency examination, Robinson was timely brought to trial within seventy days after his initial appearance. Therefore, this Court concludes that Robinson has failed to establish a violation of the Speedy Trial Act. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

Robinson also claims that his speedy trial right under the Sixth Amendment was violated. This claim is similarly without merit. "To establish a violation of the Sixth Amendment right to a speedy trial, a defendant must show first that the Amendment's protections have been triggered by arrest, indictment, or other official accusation. The defendant must then show that on balance, four separate factors weigh in his favor: [1] whether the delay before trial was uncommonly long, [2] whether the government or the defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." ***United States v. Thomas***, 55 F.3d 144, 148 (4th Cir. 1995) (citing ***Doggett v. United States***, 505 U.S. 647, 648 (1992); ***Barker v. Wingo***, 407 U.S. 514, 530 (1972)) (the "***Barker*** factors").

In the instant case, the ***Barker*** factors do not weigh in favor of finding a violation of Robinson's Sixth Amendment right to a speedy trial. Even assuming that the 14-month delay between Indictment and trial is uncommonly long, the defendant is more to blame for a substantial portion of that delay beginning with the unusual behavior that he exhibited at his November 25, 2008, initial appearance and ending with this Court's receipt of the FCI Butner report on May 26, 2009, totaling approximately six months (nearly half of the total delay). Finally, Robinson has failed to demonstrate that he asserted his right to a speedy trial in due course or that he suffered prejudice as a result of the delay. Therefore, this Court concludes that Robinson has failed to establish a violation of his Sixth Amendment right to a speedy trial. Accordingly, his Objections as they relate to this claim should be **OVERRULED** and this claim should be **DISMISSED**.

IV.   **Conclusion**

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 9; Crim. Doc. 219]** should be, and is, hereby **ORDERED ADOPTED** for the reasons stated therein as well as the reasons stated herein. Further, Robinson's Objections **[Crim. Doc. 232]** are **OVERRULED**. Accordingly, Robinson's *pro se* § 2255 petition **[Civ. Doc. 1; Crim. Doc. 167]**, as amended **[Crim. Doc. 198]**, is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Robinson a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to mail a copy to the *pro se* petitioner.

**DATED**: August 31, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE